IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Minnesota Lawyers Mutual Insurance Company, | ) ) ) |
| *Plaintiff,* | ) ) ) Case No. 15 CV 50240 |
| v. | ) ) ) Magistrate Judge Iain D. Johnston |
| Cynthia J. Koroll and Paul H. Berger, | ) ) ) |
| *Defendants.* | ) |

**REPORT AND RECOMMENDATION**

It is the Court's Report and Recommendation that Plaintiff's motion for default judgment (Dkt. 20) and oral motion to voluntarily dismiss Defendant Paul Berger be granted. Any objection to this Report and Recommendation must be filed by February 16, 2016. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989). A telephonic status hearing is set for February 18, 2016 at 1:30 p.m. By February 16, 2016, counsel shall provide a direct-dial telephone number for the hearing to the Court's operations specialist, who will initiate the call.

**STATEMENT**

On September 28, 2015, Plaintiff, Minnesota Lawyers Mutual Insurance Company, filed its complaint for declaratory judgment against Defendants Cynthia Koroll and Paul Berger seeking a declaratory judgment that it owes no duty to defend or indemnify Koroll against a Petition for Injunction for Protection Against Stalking filed by Berger against Koroll on July 15, 2015 and that Berger has no rights under the Lawyers Professional Liability Insurance Policy issued to Koroll Litigation Group, Ltd. Dkts. 1, 20. The Policy provided claims-made coverage and was effective from April 17, 2015 to April 17, 2016. Dkt. 20. Koroll sought coverage under the Policy relating to the Petition, but in September 2015, Plaintiff asserted that no coverage was provided for the claim. Dkt. 20-2.

On January 13, 2016, the Clerk entered an order of default under Federal Rule of Civil Procedure 55(a) against Koroll for failing to answer or otherwise plead. Dkt. 19. Plaintiff now filed the instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), seeking a declaratory judgment relieving it

of any duty to defend or indemnify Koroll in connection with the Petition for Injunction under the terms of the Policy. Dkt. 20. Koroll was served by first-class mail, certified mail and email with a copy of the motion for default judgment. Dkts. 20, 22.

Federal Rule of Civil Procedure 55 governs the entry of default judgments. *See Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Under Rule 55(a), the clerk must enter a party's default when that party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). To complete the default judgment process, the default judgment must be entered pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). A defendant's default establishes the truth of the matters alleged in the complaint regarding liability. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also Tygris Asset Fin., Inc. v. Szollas*, No. 09 C 4488, 2010 U.S. Dist. LEXIS 56491, at *18 (N.D. Ill. June 7, 2010) ("It is well-settled that the court has authority to enter declaratory default judgments as well as default judgments for monetary damages). The decision to enter default judgment lies within the discretion of the district court. *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

The Court held a hearing on Plaintiff's motion for default judgment on January 28, 2016. Defendants Koroll and Berger did not appear for the hearing. After considering the motion for default judgment and the supporting documentation, the Court finds that Plaintiff is entitled to declaratory default judgment. The Policy issued by Plaintiff only covers claims seeking monetary damages and claims resulting from the rendering of or failure to render professional services, neither of which are alleged for the claim at issue. Accordingly, it is this Court's Report and Recommendation that judgment be entered against Koroll and that Plaintiff has no duty to defend or indemnify Koroll with respect to the Petition for Injunction for Protection Against Stalking filed by Berger against Koroll in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, *Berger v. Koroll*; Case No. 502015DR007280XXXXXSB.

Furthermore, Plaintiff reported it has been unable to serve Defendant Paul Berger, and therefore, orally moved to voluntarily dismiss Berger without prejudice at the hearing. Therefore, it is also this Court's Report and Recommendation that Defendant Berger be dismissed without prejudice under Federal Rule of Civil Procedure 41(a). Any objection to this Report and Recommendation must be filed by February 16, 2016. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Dated: January 28, 2016  /s/ Iain D. Johnston
United States Magistrate Judge